**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIIT (USA), INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-CV-03327 (JES) |
| | ) |
| CENGAGE LEARNING, INC. f/k/a | ) |
| THOMSON   LEARNING, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Plaintiff NIIT (USA), Inc. ("NIIT") respectfully files its Answer and Affirmative Defenses to the counterclaims asserted by Defendant Cengage Learning, Inc. f/k/a Thomson Learning, Inc. ("Cengage"), stating as follows:

### ANSWER

NIIT answers the individually-numbered paragraphs of Cengage's counterclaims as follows:

### Jurisdiction and Venue

1.      NIIT admits the allegations contained in Paragraph 1 of the counterclaims.

2.      NIIT admits the allegations contained in Paragraph 2 of the counterclaims.

### Facts

3.      Answering Paragraph 3 of the counterclaims, NIIT specifically admits that the parties entered into the MSA on or about March 23, 2006.  Answering further, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 3 of the counterclaims, if any.

1

4.    Answering Paragraph 4 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 4 of the counterclaims, if any.

5.    Answering Paragraph 5 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 5 of the counterclaims, if any.

6.    Answering Paragraph 6 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 6 of the counterclaims, if any.

7.    Answering Paragraph 7 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 7 of the counterclaims, if any.

8.    Answering Paragraph 8 of the counterclaims, NIIT specifically admits that the SOW was executed by the parties in or about July 2006.  Answering further, NIIT states that the terms, conditions and provisions of the written SOW speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 8 of the counterclaims, if any.

9.    Answering Paragraph 9 of the counterclaims, NIIT states that the terms, conditions and provisions of the written SOW speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 9 of the counterclaims, if any.

10.    Answering Paragraph 10 of the counterclaims, NIIT states that the terms, conditions and provisions of the written SOW speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 10 of the counterclaims, if any.

11.    NIIT denies the allegations contained in Paragraph 11 of the counterclaims.

12.     Answering Paragraph 12 of the counterclaims, NIIT specifically admits that Cengage has paid approximately $470,000 of the charges that NIIT has invoiced in connection with Project Expedition, and that all deliverables by NIIT on the project were accepted by Cengage. NIIT denies the remaining allegations contained in Paragraph 12 of the counterclaims.

13.     NIIT denies the allegations contained in Paragraph 13 of the counterclaims.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

14.     Answering Paragraph 14 of the counterclaims, NIIT incorporates by reference, as if set forth *verbatim* herein, its responses to paragraphs 1 through 13 of the counterclaims as set forth above.

15.     NIIT admits the allegations contained in Paragraph 15 of the counterclaims.

16.     Answering Paragraph 16 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 16 of the counterclaims, if any.

17.     Answering Paragraph 17 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 17 of the counterclaims, if any.

18.     Answering Paragraph 18 of the counterclaims, NIIT states that the terms, conditions and provisions of the written SOW speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 18 of the counterclaims, if any.

19.     Answering Paragraph 19 of the counterclaims, NIIT specifically admits that Cengage has paid approximately $470,000 of the charges that NIIT has invoiced in connection with Project Expedition.  NIIT denies the remaining allegations contained in Paragraph 19 of the counterclaims.

20.     NIIT denies the allegations contained in Paragraph 20 of the counterclaims.

21.     NIIT denies the allegations contained in Paragraph 21 of the counterclaims.

22.     NIIT denies the allegations contained in Paragraph 22 of the counterclaims.

## SECOND CAUSE OF ACTION
### INDEMNIFICATION

23.     Answering Paragraph 23 of the counterclaims, NIIT incorporates by reference, as if set forth *verbatim* herein, its responses to paragraphs 1 through 22 of the counterclaims as set forth above.

24.     NIIT denies the allegations contained in Paragraph 24 of the counterclaims.

25.     Answering Paragraph 25 of the counterclaims, NIIT states that the terms, conditions and provisions of the written MSA speak for themselves.  NIIT denies the remaining allegations contained in Paragraph 25 of the counterclaims, if any.

26.     NIIT denies the allegations contained in Paragraph 26 of the counterclaims.

27.     Except as expressly and specifically admitted above, NIIT denies each and every allegation contained in Cengage's counterclaims.  NIIT further denies that Cengage is entitled to any of the relief requested in its counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Cengage's counterclaims are barred by the principle of estoppel.

### Second Affirmative Defense

Cengage's counterclaims are barred by the principle of waiver.

### Third Affirmative Defense

Cengage's counterclaims are barred by the express terms, conditions and provisions of the MSA and the SOW.

### Fourth Affirmative Defense

Cengage's counterclaims are barred by the principle of laches.

### Fifth Affirmative Defense

Cengage's counterclaims fail to state a claim or cause of upon which relief can be granted.

### Sixth Affirmative Defense

The Second Cause of Action in Cengage's counterclaims fails to state a viable claim for indemnification because, *inter alia*, the operative paragraph of the MSA provides for and/or applies to indemnification solely for damaging acts or claims by third parties, not by parties to the MSA itself.

WHEREFORE, NIIT respectfully prays:

(1)     that judgment on Cengage's counterclaims be entered in favor of NIIT and against Cengage;

(2)     that Cengage take nothing on its counterclaims;

(3)     that NIIT be awarded its expenses of litigation, including attorney's fees, incurred in defense of Cengage's counterclaims; and

(4)     that NIIT be granted such other and further relief on Cengage's counterclaims as the Court deems just, equitable and proper.

Dated:  June 11, 2008.


ARNALL GOLDEN GREGORY LLP

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP


By:  /s/ Darryl S. Laddin
 Darryl S. Laddin (DL-5130)
 Frank N. White (Georgia Bar No. 753377)
 Jared M. Lina (Georgia Bar No. 191099)

171 17th Street, N.W.
Suite 2100
Atlanta, GA  30363-1031
404.873.8120 (phone)
404.872.8745 (fax)


Lead Attorneys for Plaintiff NIIT (USA), Inc.

By:  /s/ Michael P. O'Mullan
 Michael P. O'Mullan (MO-6058)

500 Fifth Avenue
New York, New York 10110
Tel (212) 302-6574; Fax (212) 302-6628
-and-
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel (973) 538-0800; Fax (973) 538-1984


Local Counsel for Plaintiff NIIT (USA), Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served true and correct copies of the foregoing PLAINTIFF'S

ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS by

First Class U.S. Mail. Postage pre-paid, addressed to:

    Justin E. Klein, Esq.
    Satterlee Stephens Burke & Burke LLP
    230 Park Avenue, Suite 1130
    New York, NY 10169


    This 11th day of June, 2008.


                    /s/ Frank N. White
                    Frank N. White